UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**KENNETH RAY BRADFORD**                                        CIVIL ACTION

**VERSUS**

**LOUISIANA DEPARTMENT OF CORRECTIONS, ET AL.**                 NO. 11-0750-JJB-CN

<u>NOTICE</u>

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in chambers in Baton Rouge, Louisiana, January 30, 2012.

                               **MAGISTRATE JUDGE CHRISTINE NOLAND**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

**KENNETH RAY BRADFORD**  CIVIL ACTION

**VERSUS**

**LOUISIANA DEPARTMENT OF CORRECTIONS, ET AL.**  NO. 11-0750-JJB-CN

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, an inmate incarcerated at the Rayburn Correctional Center ("RCC"), Angie, Louisiana, filed this action, purportedly as a diversity proceeding under 28 U.S.C. § 1332, against Secretary James LeBlanc and Warden Robert Tanner.[1] The plaintiff alleges that he is a "sovereign" individual and that the courts of the State of Louisiana do not have jurisdiction over him. He prays for a release from custody, for a release of his "property", and for other "just and equitable relief".

Pursuant to 28 U.S.C. § 1915A, this Court is authorized to dismiss an action brought by a prisoner against a governmental entity or officer or employee of a governmental entity if satisfied that the action is frivolous, malicious or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e). See also, Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986). Such an action is properly dismissed as frivolous

---

[1] In his original Complaint, the plaintiff named the Louisiana Department of Public Safety and Corrections as a defendant herein. In an Amended Complaint, however, rec.doc.no. 6, the plaintiff has substituted James LeBlanc, the Secretary of the Department, as a defendant herein. Generally, "[a]n amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." King v. Dogan, 31 F.3d 344 (5th Cir. 1994). Inasmuch as the plaintiff's amended complaint in this case did not incorporate his earlier pleading, the Court interprets the amended pleading as terminating the Louisiana Department of Public Safety and Corrections as a defendant in this proceeding and substituting Secretary Richard Stalder as a defendant herein.

if the claim lacks an arguable basis either in fact or in law. <u>Denton v. Hernandez</u>, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), <u>citing</u> <u>Neitzke v. Williams</u>, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); <u>Hicks v. Garner</u>, 69 F.3d 22 (5th Cir. 1995). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." <u>Davis v. Scott</u>, 157 F.3d 1003 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless, a category encompassing allegations that are fanciful, fantastic and delusional. <u>Neiztke v. Williams</u>, <u>supra</u>, <u>Denton v. Hernandez</u>, <u>supra</u>. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915:. <u>Id.</u>; <u>Ancar v. SARA Plasma, Inc.</u>, 964 F.2d 465 (5th Cir. 1992). A § 1915A dismissal may be made at any time, before or after service of process and before or after an answer is filed. <u>See</u> <u>Green v. McKaskle</u>, <u>supra</u>.

From a review of the plaintiff's Complaint, as amended, it appears that he is currently confined and is serving a criminal sentence entered in the Nineteenth Judicial District Court for the Parish of East Baton Rouge. He asserts that in June, 2007, he executed a formal "Declaration and Certificate of Sovereign Status" and a "Formal Sovereign Oath of Renunciation," pursuant to which he has purportedly renounced his American citizenship in accordance with 8 U.S.C. § 1481(6) and has become an independent "foreign sovereign" and a "member of the Republic of Louisiana". He contends, therefore, that the State of Louisiana no longer has jurisdiction to maintain him in custody and that this Court

should order his release from confinement as an "International Protected Person". He invokes the diversity jurisdiction of this Court as well as federal subject matter jurisdiction, citing both 28 U.S.C. §§ 1331 and 1332, and he contends that this action is subject to review as involving the claim of a foreign state, citing 28 U.S.C. § 1602, <u>et seq</u>. Finally, he asserts that he has recorded and perfected with the Louisiana Secretary of State a security interest in "property" which he describes as being "Case # 04-02-0050" on the Docket of the Nineteenth Judicial District Court, which is apparently the case number assigned to his criminal prosecution. As a result, he contends that he is now the owner of such "property". The state court, however, has allegedly refused to release this "property" to him and to have such "property" removed from the state court docket.

    The plaintiff is not entitled to the relief requested. In the first place, there is no basis for the invocation of diversity jurisdiction in this case. Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions which involve amounts in controversy exceeding $75,000.00 and which are between citizens of different states or between a citizen of a state and a foreign national or sovereign. Notwithstanding, although the plaintiff asserts that he is a foreign sovereign and is a member of the "Republic of Louisiana", and although he alleges to have executed a formal Declaration to this effect, along with an "Oath of Renunciation," renouncing his United States citizenship, it appears clear to this Court that these documents are of no legal effect and that the plaintiff remains a citizen of the state of Louisiana. Specifically, although 8 U.S.C. § 1481(6) allows a United States citizen to voluntarily renounce his citizenship, the statute requires that a person wishing to do so must execute a form to

this effect, prescribed by the Attorney General of the United States or his designee, and the Attorney General or his designee must formally approve such renunciation upon a determination that the renunciation is not contrary to the interests of national defense. There is no suggestion in the record that the terms of this statute have been complied with. See Kaufman v. Mukasey, 524 F.3d 1334 (D.C. Cir. 2008). Accordingly, the plaintiff's contention that he is a foreign sovereign is unavailing, and inasmuch as this lawsuit involves a claim by and between Louisiana citizens, this Court does not have diversity jurisdiction to consider the plaintiff's claims. See Thompson v. Dodge, 2011 WL 2413108 (W.D. Mich., June 14, 2011) (holding that diversity jurisdiction was not present where the plaintiff claimed to be a "citizen of the Republic of Michigan").

Turning to the plaintiff's invocation of federal subject matter jurisdiction, the Court next concludes, similarly, that because the plaintiff is clearly not entitled to be recognized as a foreign national or a sovereign entity, he may not seek the jurisdiction of this Court by asserting that this case involves a claim by a "foreign state" within the meaning of 28 U.S.C. § 1602, et seq. Accordingly, there is no basis for the Court's exercise of jurisdiction under this statute.

Further, although the plaintiff does not purport to bring this action under 42 U.S.C. § 1983, the Court will liberally evaluate his Complaint to determine whether he alleges a violation of his constitutional civil rights. See Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (holding that courts should liberally interpret the pleadings of pro se litigants). Undertaking this analysis, the Court concludes that he does not. Specifically, the plaintiff makes no reference to any specific constitutional right which he asserts has

been violated, and his theory that he has, by merely executing and recording a document which purports to be a security agreement and lien, become the owner of his criminal proceedings, has no basis in law, is clearly delusional and is patently incorrect. See Ali v. Bragg, 2008 WL 5683432 (W.D. Tex., Dec. 23, 2008). Accordingly, the plaintiff fails to state a claim relative to the violation of his constitutional civil rights.

Finally, it appears clear to this Court that what the plaintiff is really seeking to achieve in this case is the overturning of his criminal conviction and his release from confinement. Notwithstanding, "[w]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Accordingly, the plaintiff in this case is limited to the filing of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. See Myers v. Michigan, 2010 WL 1507617 (W.D. Mich., April 14, 2010) (holding that plaintiff, who claimed to be a "sovereign American ... but not a United States citizen", and who sought release from custody based upon a purported "security agreement", could obtain release only through a writ of habeas corpus); Cottenham v. Michigan, 2010 WL 1254554 (W.D. Mich., March 29, 2010) (same). The plaintiff is further advised that, should he wish to pursue such an application, he must first exhaust his remedies through the courts of the State of Louisiana, and he must include in his application all potential claims which he may have.

## RECOMMENDATION

It is recommended that the plaintiff's action be dismissed as

legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A, without prejudice to the plaintiff's right to seek habeas corpus relief under 28 U.S.C. § 2254.[2]

Signed in chambers in Baton Rouge, Louisiana, January 30, 2012.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[2] The plaintiff is advised that 28 U.S.C. § 1915A(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."